UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

_____

M.C, AN INFANT BY HIS MOTHER NATURAL GUARDIAN,    )

JANET CORNWALL, INDIVIDUALLY    )

                       Plaintiffs,    )

-against-    )

    )

    )

THE COUNTY OF MONROE, YOUTH DETENTION WORKER    )

BRANDON SCHULTZ, SUPERVISOR JOHN GATES,    )

YOUTH DETENTION WORKER QUINTON COTTON ,    )

YOUTH DETENTION WORKER CHRISTOPHER MARSH,    )

YOUTH DETENTION WORKER J. JOHNSON, AND YOUTH

 DETENTION WORKER AARON FORTE,

Individually ,

And as employees of the Monroe County Children's Detention Center,


                 Defendants.

_____

**COMPLAINT**
**JURY TRIAL**
**DEMANDED**
**CIVIL ACTION No. :**
1:23-cv-305 (FJS/CFH)


Plaintiffs, by and through his attorney, Ryanne Konan, complaining of the Defendants , respectfully as follows:

## NATURE OF CLAIMS

1.  Plaintiff-Infant in the above captioned matter was a victim of  excessive use of force, failure to intervene, intentional infliction of emotional distress, when  The County of Monroe, through ,Youth Detention Workers (YDW) Brandon Schultz,  John Gates, Quinton Cotton, Christopher Marsh, J. Johnson, and Aaron Forte, used excessive force  on Plaintiffon February 12, 2022, around 1:12 pm, thereby causing serious injuries to Plaintiffs.

1

## JURISDICTION AND VENUE

2. This action arises under the Fourth, and Fourteenth Amendments to the United States Constitution 42 U.S.C. §§ 1983 and 1988, Article I, §12 of the New York State Constitution, and New York common law.

3. This Court has jurisdiction over this matter pursuant to 28 USC §§ 1331, 1343(a)(3) and (4), and 1367.

4. Venue is proper in this district pursuant to 28 U.S.C § 1391(b)(1) (2) because a substantial part of the events or omissions giving rise to this action occurred in this district and Infant-Plaintiff resides in this district.

## JURY DEMAND

5. Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. R. 38 (b).

## PARTIES

6. Infant-Plaintiff is a citizen of United States, African American male, currently and resides at OCFS Highland Residential Center,629 North Chodikee Lake Rd, Highland, NY 12528.

7. Janet Cornwall is a citizen of United States, and is the mother of infant-plaintiff.

8. Defendant, Monroe County is a government-subdivision organized and existing under the laws of the State of New York.

9. Defendant Brandon Schultz was a Youth Detention Worker (YDW) at the time of the incident and upon information and belief, a citizen of New York. YDW Schultz had an office at 400 Rush Scottsville Rd, Rush, NY 14543.

2

10. Defendant John Gates was a Youth Detention Worker (YDW), and a supervisor, at the time of the incident and upon information and belief, a citizen of New York. YDW Gates had an office at 400 Rush Scottsville Rd, Rush, NY 14543.

11. Defendant Quinton Cotton was a Youth Detention Worker (YDW) at the time of the incident and upon information and belief, a citizen of New York. YDW Cotton had an office at 400 Rush Scottsville Rd, Rush, NY 14543.

12. Defendant Christopher Marsh was a Youth Detention Worker (YDW),  at the time of the incident and upon information and belief, a citizen of New York. YDW Marsh had an office at 400 Rush Scottsville Rd, Rush, NY 14543.

13. Defendant J. Johnson was a Youth Detention Worker (YDW), at the time of the incident and upon information and belief, a citizen of New York. YDW Johnson had an office at 400 Rush Scottsville Rd, Rush, NY 14543.

14. Defendant Aaron Forte was a Youth Detention Worker (YDW), at the time of the incident and upon information and belief, a citizen of New York. YDW Forte had an office at 400 Rush Scottsville Rd, Rush, NY 14543.

## FACTUAL ALLEGATIONS

15. Infant-Plaintiff violated probation and was sent to Monroe Children's Detention Center. While there, on February 12, 2022, around 9:00 am, Infant-Plaintiff had an altercation with YDW Schultz. The same day around 1:30 pm , Infant-Plaintiff was knocking on the door of his room because the Infant-Plaintiff wanted to use the bathroom.

16. It took at 30 min of knocking but no response. All the sudden, a staff member came , and opened Infant Plaintiff's room, and asked Plaintiff if he would still want to use the bathroom.

17. At the same time, the Infant Plaintiff observed one of the staff, YDW Schultz enter his room. When the Infant-Plaintiff confronted YDW Schultz for entering his room, YDW Schultz, upset with the earlier altercation with Infant-Plaintiff, YDW Schultz grabbed the Infant Plaintiff, and started punching the Infant in the face. YDW Marsh joined in , and started hitting the Infant with his fists.

18. Supervisor Gates, and YDWs Cotton, Johnson and Forte joined in, and they picked the Infant up in the air, and dropped him hard on the floor. The YDWs Gates, Cotton, Johnson, Forte, Johnson, Marsh and Schultz, kept kicking, punching and beating up the infant, thereby causing serious physical injuries to his spine, including fractures, bleeding nose, head injuries, and left the Infant Plaintiff on the floor.

19. As a direct and proximate result of Defendants' excessive force, assault and battery, Plaintiff has suffered physical and reputational injury, attorney's fees, and severe emotional harm.

20. Infant-Plaintiff, through his mother , filed a sworn notice of claim on May 3, 2022, within 90 days after the claims alleged herein arose. The notice was served on Defendants.

21. On August 4, 2022, a 50-H hearing was held.

22. At least 30 days has elapsed since Plaintiffs served his notice of claim, and adjustment or payment of the claim has been neglected or refused.

**<u>FOR THE FIRST CAUSE OF ACTION</u>**
Excessive  Use of Force
42 U.S.C. § 1983

23. Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in paragraphs 1-22 of this Complaint with the same force and effect as if fully set forth herein.

24. That YDW Defendants hit Infant-Plaintiff in his face thereby causing injuries in his face, fracture in his spine, bleeding nose.

25. That Infant-Plaintiff did not pose a threat to Defendants nor did Infant-Plaintiff pose a threat to the public or to himself.

26. That the YDW Defendants used an amount of force on Infant-Plaintiff that was over the amount of force necessary to subdue Infant-Plaintiff.

27. That Infant-Plaintiff had not resisted to the Officers and had complied with the Officers' orders.

28. That Defendants used force on Infant-Plaintiff more than once.

29. That the YDWs did not have to use force on Infant-Plaintiff because Plaintiff was not a threat and was in his room.

30. That the YDWs assaulted and battered Infant-Plaintiff and use unnecessary and excessive force against Infant-Plaintiff.

31. That as a result of the breach of Infant-Plaintiff's constitutional rights, Infant-Plaintiff has suffered physical and reputational injury, attorney's fees, severe emotional harm.

32. By Using unnecessary and excessive force on Infant-Plaintiff, the YDW Defendants deprived Infant-Plaintiff of rights, remedies, privileges, and immunities guaranteed to every Citizen of the United States under the United State Constitution.

33. That the mother has been affected by Infant-Plaintiff's injuries.

**WHEREFORE**, the Plaintiffs seek judgment against Defendants in the amount of One Million ($1,000,000) Dollars compensatory and punitive damages, plus attorney fees and costs.

## PENDENT STATE LAW CLIAMS

34. Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in paragraphs 23-33 of this Complaint with the same force and effect as if fully set forth herein.

35. Plaintiffs filed a sworn notice of claim on March 3, 2022, within 90 days after the claims alleged herein arose. The notice was served on the County of Monroe, and the YDWs Defendants.

36. Defendant County of Monroe demanded a hearing pursuant to General Municipal Law § 50-h and said hearing was held.

37. At least 30 days has elapsed since Plaintiff served his notice of claim, and adjustment or payment of the claim has been neglected or refused.

**FOR THE SECOND CAUSE OF ACTION**
Assault & Battery against the YDW Defendants
New York State Constitution, art. I, § 12

38.  Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 34-37 with the same force and effect as if fully set forth herein.

39. That the YDW Defendants had physical contact with Infant-Plaintiff, threw him on the floor with force and violence thereby causing a fracture in his spine, hit him in the face causing noise bleeding.

40. That Infant Plaintiff was not a threat to the officers and was in his room.

41. That individual  Defendants wrongfully and illegally placed the Infant-Plaintiff in apprehension of imminent harmful and offensive bodily contact.

42. That the aforesaid acts were unprivileged.

43. The unlawful acts of the Defendants were taken within the scope of their employment.

44. The unlawful acts of the Defendants were the direct, proximate cause of Infant-Plaintiff's injuries.

45. As a result of Defendants' conduct, Infant-Plaintiff has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

**WHEREFORE**, Plaintiffs seek judgment against the officer Defendants in the amount of One Million ($1,000,000) Dollars compensatory and punitive damages, plus attorney fees and costs.

### FOR THE THIRD  CAUSE OF ACTION
Intentional Infliction of Emotional Distress under New York State Law
(Against YDW Defendants)

46. Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in paragraphs 38-45 of this Complaint with the same force and effect as if fully set forth herein.

47. That Defendants used an amount of force on Plaintiff that was over the amount of force necessary to subdue Infant-Plaintiff.

48. That Defendants seized Infant-Plaintiff  with violence, and threw Plaintiff on the ground with force thereby causing him severe injuries.

49. That Infant-Plaintiff had not resisted to the Officers and had complied with the Officers' orders.

50. That the conduct of  Defendants was extreme and outrageous and was intended to cause and did cause severe emotional distress.

51. That the acts and omissions of the officer defendants were taken within the scope of their employment.

52.    That as a result of the breach of Plaintiff's constitutional rights, Plaintiff has suffered physical and reputational injury, attorney's fees, severe emotional harm together with shock, fright, apprehension, embarrassment, and humiliation.

**WHEREFORE**, the Plaintiffs seek judgment against the Municipality in the amount of One Million ($1,000,000) Dollars compensatory and punitive damages, plus attorney fees and costs.

### FOR THE FOURTH  CAUSE OF ACTION
Respondent Superior under New York State Law
New York State Constitution, art. I, § 12
(Against the County of Monroe )

53. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 46-52 of this Complaint with the same force and effect as if fully set forth herein.

54. That YDWs Brandon Schultz, John Gates, Quinton Cotton, J. Johnson, Aaron Forte, Christopher Marsh  were and are still employees of the County of Monroe.

55. That the Defendants were acting within the scope of their employment as Youth Detention Workers of Monroe County  Children's  Detention Center .

56. That  Defendants were employees of Monroe County  Children's  Detention Center at the time of the incident with Plaintiff.

57. That  Defendants committed assault, battery,  and excessive force on Plaintiff while on duty, and while working for  Monroe County  Children's  Detention Center.

58. That the acts committed by the officers were committed in furtherance of the County of Monroe's business, and within the scope of employment.

59. That Defendant, County of Monroe was responsible as employer of the individual Defendants under the doctrine of *respondent superior*.

60. Defendants acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard for Plaintiff's rights, privileges, welfare, and well-being, and are guilty of egregious and gross misconduct towards Plaintiff.

61. That  Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as Monroe County  Children's Detention Center. Said acts were beyond the scope of their employment, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive Infant-Plaintiff of his constitutional rights secured by the New York State Constitution.

62.  That as a result of the breach of Infant-Plaintiff's constitutional rights, Infant-Plaintiff has suffered physical and reputational injury, attorney's fees, severe emotional harm together with shock, fright, apprehension, embarrassment, and humiliation.

**WHEREFORE**, the Plaintiffs seek judgment against the Municipality in the amount of One Million ($1,000,000) Dollars compensatory and punitive damages, plus attorney fees and costs.

## JURY TRIAL DEMAND

A jury trial is hereby demanded on all issues.


Dated:  At Wappingers Falls, New York
        March 7, 2023

                                        By:    /s/ryannekonan

                                            Ryanne Konan, Esq.
                                            4 Marshall Road, Suite 107
                                            Wappingers Falls, NY 12590
                                            Tel: (845) 309-3432
                                            Fax: (845) 231-0508